UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22835-BLOOM/Louis

ANTHONY RAMIREZ,

    Plaintiff,

v.

AMERICAN TECHNOLOGY
VENTURES, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant's Motion for Judgment on the Pleadings, ECF No. [28] ("Motion"). Plaintiff filed a response in opposition, ECF No. [31] ("Response"), to which Defendant filed a reply, ECF No. [32] ("Reply"). The Court has considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I.**    **BACKGROUND**

According to the Complaint, ECF No. [1], Plaintiff was an hourly-paid, non-exempt employee under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), who had performed work for Defendant from November 11, 2019 through May 26, 2020. *Id.* at ¶¶ 2, 15, 34, 49. Defendant "was primarily engaged in providing motor vehicle customization, upholstery, fabrication, and similar services to customers in and around Miami-Dade County, Florida." *Id.* at ¶ 10. Plaintiff worked for Defendant "under the title of Custom Fabricator and Mechanic[.]" *Id.* at ¶ 15. His duties "were to perform custom fabrication and mechanical services on behalf of Defendant's clients." *Id.* at ¶ 25. In Plaintiff's view, Defendant "could not operate its business

without Custom Fabricators and Mechanics like Plaintiff," and Plaintiff's skills and services "as a custom fabricator or mechanic" were "an integral part of" Defendant's business. *Id.* at ¶¶ 14, 37-38.

Plaintiff alleges that he regularly worked fifty-four or more hours per week for Defendant, but Defendant failed to pay him full and proper overtime compensation for all hours worked above forty hours per week. *Id.* at ¶¶ 26-32, 40. The Complaint raises a one-count claim for violation of 29 U.S.C. § 207 based on Defendant's alleged failure to compensate Plaintiff for his overtime work. *Id.* at ¶¶ 46-51. On August 3, 2020, Plaintiff filed his statement of claim, ECF No. [7].[1] Defendant filed its response, arguing that Plaintiff "was not within the protected class of persons subject to the" FLSA. ECF No. [13]. On August 4, 2020, Defendant filed its initial answer and affirmative defenses, ECF No. [9], which pleading was later amended following leave of Court. ECF No. [24].

Defendant now moves for judgment on the pleadings because Plaintiff is purportedly exempt from FLSA overtime compensation coverage under § 207. ECF No. [28] at 2-3 (citing 29 U.S.C. § 213(b)(10)(A) and 29 C.F.R. § 79.372(a)). In this regard, Defendant maintains that Plaintiff's claim fails because he was employed as a mechanic engaged in servicing automobiles and Defendant is an automobile repair shop. *See also* ECF No. [32]. Plaintiff responds that the Motion is without merit because Plaintiff was not employed as a "mechanic," and Defendant is not a "nonmanufacturing establishment primarily engaged in the business of selling vehicles or vehicle implements to ultimate sellers." ECF No. [31] at 3-6.

The Motion, accordingly, is ripe for consideration.

---

[1] According to Plaintiff, his job duties as a "non-exempt Custom Fabricator and Mechanic" included "electrical, custom fabrication, welding, grinding, fiberglass and mechanic work needed for customers in Miami-Dade County, Florida." ECF No. [7] at 1.

## II.     LEGAL STANDARD

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001); *see also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014); *Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002). "A motion for judgment on the pleadings admits the plaintiff's factual allegations and impels the district court to reach a legal conclusion based on those facts." *Gachette v. Axis Surplus Ins. Co.*, No. 19-cv-23680, 2020 WL 2850587, at *1 (S.D. Fla. Apr. 1, 2020) (quoting *Dozier v. Prof'l Found. for Heath Care, Inc.*, 944 F.2d 814, 816 (11th Cir. 1991)).

"[F]ederal courts are unwilling to grant a judgment under Rule 12(c) unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner." *Pete Vicari Gen. Contractor LLC v. Ohio Cas. Ins. Co.*, No. 17-23733-CIV, 2018 WL 6308695, at *1 (S.D. Fla. Sept. 27, 2018) (citation omitted). However, "[i]f it is clear from the pleadings that the plaintiff is not entitled to relief under any set of facts consistent with the complaint, the district court should dismiss the complaint." *King v. Akima Glob. Servs., LLC*, 775 F. App'x 617, 620 (11th Cir. 2019) (citing *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002)); *cf. United States v. Khan*, No. 3:17-cv-965-J-PDB, 2018 WL 6308678, at *1 (M.D. Fla. Sept. 26, 2018) ("A court must deny a motion for judgment on the pleadings if a 'comparison of the averments in the competing pleadings reveals a material dispute of fact.'" (quoting *Perez*, 774 F.3d at 1335)).

"A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *King*, 775 F. App'x at 620. "In determining whether a

party is entitled to judgment on the pleadings, [courts] accept as true all material facts alleged in the non-moving party's pleading, and [ ] view those facts in the light most favorable to the non-moving party." *Perez*, 774 F.3d at 1335 (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on " 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## III.    DISCUSSION

FLSA requires employers to pay covered employees an overtime premium of one and one-half times the employee's regular rate of pay for any hours worked in excess of forty in one week. 29 U.S.C. § 207(a)(1). However, if an employee is exempt from the FLSA, the employee is not entitled to overtime pay. Here, Defendant contends that Plaintiff is not entitled to relief because the pleadings establish that he is exempt from FLSA overtime coverage under the "mechanic's exemption," 29 U.S.C. § 213(b)(10)(A).

The mechanic's exemption provides that the provisions of § 207 "shall not apply with respect to" "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers[.]" 29 U.S.C. § 213(b)(10)(A). Further, "[a]s used in section 13(b)(10)(A), a mechanic is any employee primarily engaged in doing mechanical work (such as get ready mechanics, automotive,

4

truck, or farm implement mechanics, used car reconditioning mechanics, and wrecker mechanics) in the servicing of an automobile, truck or farm implement for its use and operation as such. This includes mechanical work required for safe operation, as an automobile, truck, or farm implement. The term does not include employees primarily performing such nonmechanical work as washing, cleaning, painting, polishing, tire changing, installing seat covers, dispatching, lubricating, or other nonmechanical work." 29 C.F.R. § 779.372(c)(3). Moreover, "[a]s used in section 13(b)(10), primarily engaged means the major part or over 50 percent of the salesman's, partsman's, or mechanic's time must be spent in selling or servicing the enumerated vehicles. As applied to the establishment, primarily engaged means that over half of the establishments annual dollar volume of sales made or business done must come from sales of the enumerated vehicles." *Id.* at § 779.372(d).

According to Defendant, the Complaint's allegations establish that the mechanic exemption is triggered because Plaintiff is a mechanic and Defendant's business is a non-manufacturing establishment engaged in selling implements of automobiles to ultimate purchasers. ECF Nos. [28] and [32]. Upon review, the Court is unpersuaded.

Regarding Plaintiff's status as a "mechanic," although the Complaint alleges that Plaintiff's title was "Custom Fabricator and Mechanic" and Plaintiff engaged in "mechanical services," ECF No. [1] at ¶¶ 14, 15, 25, 37, the Court cannot conclude that Plaintiff was a "mechanic primarily engaged in selling or servicing automobiles," as those terms are defined. Viewing the Complaint in a light most favorable to Plaintiff, it remains unclear to what extent Plaintiff acted in the capacity as a mechanic. His alleged duties included both custom fabrication and mechanical services, *id.* at ¶ 25, yet the Complaint does not allege what proportion of Plaintiff's time was dedicated to mechanical work. In this respect, while not expressly set forth in the Complaint, Plaintiff's statement of claim and Response state that Plaintiff's job duties included "electrical, custom

5

fabrication, welding, grinding, fiberglass and mechanic work," ECF No. [7] at 1, and Plaintiff represents that he "primarily performed nonmechanical and manufacturing work" for Defendant in which "mechanical services" "comprised only a small fraction of the work" he performed. ECF No. [31] at 1-2, 4-5. Defendant relies upon Plaintiff's job title that he was, in part, a mechanic, ECF No. [32] at 2, but that aspect of his title alone does not support the conclusion that Defendant is exempt under § 213(b)(10)(A).

Regarding Defendant's business establishment, Defendant states that it is an automobile repair shop, thus making it a retail establishment that is exempt from FLSA overtime compliance. ECF No. [28] at 2-3 (citing 29 C.F.R. § 779.320); *see also* ECF No. [32] at 2 (same). However, 29 C.F.R. § 779.320 has been withdrawn, *see* Explanations for Withdrawal of Section 779.320, 85 Fed. Reg. 29869 (May 19, 2020), and Plaintiff represents that he "was engaged extensively and primarily with custom fabrication and manufacturing functions" for Defendant. ECF No. [31] at 5-6 (citing ECF No. [1] at ¶ 10). Viewing the Complaint's allegations in a light most favorable to Plaintiff, the Court cannot conclude at this juncture that the mechanic's exemption applies as a matter of law.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [28]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 14, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 20-cv-22835-BLOOM/Louis

Copies to:

Counsel of Record