Ex 2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.  20-cv-22835-BLOOM/LOUIS

ANTHONY RAMIREZ

       Plaintiff,

v.

AMERICAN TECHNOLOGY VENTURES, LLC.

       Defendant.

_____/

**<u>AFFIDAVIT OF VASILII BOBKOV</u>**

Before me, the undersigned authority, on this day personally appeared VASILII BOBKOV who, upon duly sworn, deposes, and says:

1.     I am over 21 years of age and am competent to give this sworn declaration.

2.     American Technology Ventures, LLC is in the business of customizing vehicles.

3.     American Technology Ventures, LLC customizes a vehicle, and is paid a fee for it. For instance, American Technology Ventures LLC performs things such as custom upholstery for seats and equipment, steering wheels, head and arm rests, installs fenders and spoilers, customizes tires and wheels, and taillights.

4.     American Technology Ventures, LLC also purchases a vehicle already manufactured, customizes it, and then sells it to customers. ATV does not manufacture vehicles.

5.     In 2019, American Technology Ventures, LLC had gross volume of sales of $204,904, or less than $500,000.  A copy of American Technology Ventures, LLC's 2019 tax return and profit and loss statement is attached as Exhibit A.  In 2020, American Technology Ventures, LLC had gross volume of sales of $424,550.59. A copy of American Technology

1

Ventures LLC's 2020 profit and loss statement(s) is attached as Exhibit B.  A copy of the 2020 tax return is not complete yet.

6.     American Technology Ventures, LLC entered into an independent contractor agreement with Anthony Ramirez.  See Exhibit C.

7.     Anthony Ramirez was hired to perform custom fabrication on a vehicle.

8.     Upon completion of work, Anthony Ramirez prepared and delivered to American Technology Ventures, LLC invoices.

FURTHER AFFIANT SAYETH NAUGHT

_____
Vasilii Bobkov

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this _18_ day of _March_, 2020 by _____ who is personally known to me or who has produced (type of identification)  as identification.

_____
Notary Public, State of Florida

My commission expires: _03/28/24_



2

Ex A

**Form 1120**

Department of the Treasury
Internal Revenue Service

## U.S. Corporation Income Tax Return

**For calendar year 2019 or tax year beginning** _____ **ending** _____

▶ **Go to www.irs.gov/Form1120 for instructions and the latest information.**

OMB No. 1545-0123

**2019**

**A Check if:**

| | |
|---|---|
| 1a Consolidated return (attach Form 851) | ☐ |
| b Life/nonlife consolidated return | ☐ |
| 2 Personal holding co. (attach Sch. PH) | ☐ |
| 3 Personal service corp. (see instructions) | ☐ |
| 4 Schedule M-3 attached | ☐ |

**TYPE OR PRINT**

Name
AMERICAN TECHNOLOGY VENTURES LLC

Number, street, and room or suite no. If a P.O. box, see instructions.
15701 NW 15TH AVE

City or town          State          ZIP code
MIAMI FL 33169-

Foreign country name          Foreign province/state/county          Foreign postal code

**B Employer identification number**
83-1977406

**C Date incorporated**
03/25/2019

**D Total assets (see instructions)**
$ 311,259

**E Check if:** (1) ☐ Initial return (2) ☐ Final return (3) ☐ Name change (4) ☐ Address change

**Income**

| | | | | |
|---|---|---|---|---|
| 1a | Gross receipts or sales | 1a | 204,904 | |
| b | Returns and allowance | 1b | | |
| c | Balance. Subtract line 1b from line 1a | | | 1c | 204,904 |
| 2 | Cost of goods sold (attach Form 1125-A) | | | 2 | 96,694 |
| 3 | Gross profit. Subtract line 2 from line 1c | | | 3 | 108,210 |
| 4 | Dividends and inclusions (Schedule C, line 23) | | | 4 | |
| 5 | Interest | | | 5 | |
| 6 | Gross rents | | | 6 | |
| 7 | Gross royalties | | | 7 | |
| 8 | Capital gain net income (attach Schedule D (Form 1120)) | | | 8 | |
| 9 | Net gain or (loss) from Form 4797, Part II, line 17 (attach Form 4797) | | | 9 | |
| 10 | Other income (see instructions—attach statement) | | | 10 | |
| 11 | **Total income.** Add lines 3 through 10 ▶ | | | 11 | 108,210 |

**Deductions (See instructions for limitations on deductions.)**

| | | | |
|---|---|---|---|
| 12 | Compensation of officers (see instructions—attach Form 1125-E) ▶ | 12 | |
| 13 | Salaries and wages (less employment credits) | 13 | 10,951 |
| 14 | Repairs and maintenance | 14 | 7,043 |
| 15 | Bad debts | 15 | |
| 16 | Rents | 16 | 128,458 |
| 17 | Taxes and licenses | 17 | 1,615 |
| 18 | Interest (see instructions) | 18 | |
| 19 | Charitable contributions | 19 | |
| 20 | Depreciation from Form 4562 not claimed on Form 1125-A or elsewhere on return (attach Form 4562) | 20 | 148,159 |
| 21 | Depletion | 21 | |
| 22 | Advertising | 22 | 5,887 |
| 23 | Pension, profit-sharing, etc., plans | 23 | |
| 24 | Employee benefit programs | 24 | |
| 25 | Reserved for future use | 25 | |
| 26 | Other deductions (attach statement) | 26 | 336,877 |
| 27 | **Total deductions.** Add lines 12 through 26 ▶ | 27 | 638,990 |
| 28 | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | 28 | −530,780 |
| 29a | Net operating loss deduction (see instructions) | 29a | |
| b | Special deductions (Schedule C, line 24) | 29b | |
| c | Add lines 29a and 29b | 29c | |

**Tax, Refundable Credits, and Payments**

| | | | |
|---|---|---|---|
| 30 | **Taxable income.** Subtract line 29c from line 28. See instructions | 30 | −530,780 |
| 31 | Total tax (Schedule J, Part I, line 11) | 31 | |
| 32 | 2019 net 965 tax liability paid (Schedule J, Part II, line 12) | 32 | |
| 33 | Total payments, credits, and section 965 net tax liability (Schedule J, Part III, line 23) | 33 | |
| 34 | Estimated tax penalty. See instructions. Check if Form 2220 is attached ▶ ☐ | 34 | |
| 35 | **Amount owed.** If line 33 is smaller than the total of lines 31, 32, and 34, enter amount owed | 35 | |
| 36 | **Overpayment.** If line 33 is larger than the total of lines 31, 32, and 34, enter amount overpaid | 36 | |
| 37 | Enter amount from line 36 you want: **Credited to 2020 estimated tax** ▶        **Refunded** ▶ | 37 | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| | | |
|---|---|---|
| ▶ Signature of officer | Date | ▶ Title |

May the IRS discuss this return with the preparer shown below? See instructions. ☐ Yes ☒ No

**Paid Preparer Use Only**

| | | | | |
|---|---|---|---|---|
| Print/Type preparer's name SVETLANA ZINSHTEY | Preparer's signature | Date 02/20/2020 | Check ☐ if self-employed | PTIN P02215982 |
| Firm's name ▶ CORONA TAX SERVICES INC | | | | Firm's EIN ▶ 26-2838555 |
| Firm's address ▶ 3800 S OCEAN DR STE 216 | | | | Phone no. 954-646-2777 |
| City HOLLYWOOD | | State FL | | ZIP code 33019 |

**For Paperwork Reduction Act Notice, see separate instructions.**

BCA

Form **1120** (2019)

Form 1120 (2019)   AMERICAN TECHNOLOGY VENTURES LLC                                          83-1977406      **Page 2**

| | **Schedule C**   Dividends, Inclusions, and Special Deductions (see instructions) | **(a)** Dividends and inclusions | **(b)** % | **(c)** Special deductions (a) × (b) |
|---|---|---|---|---|
| 1 | Dividends from less-than-20%-owned domestic corporations (other than debt-financed stock) . . . . . . . . . . . | | 50 | |
| 2 | Dividends from 20%-or-more-owned domestic corporations (other than debt-financed stock) . . . . . . . . . . | | 65 | |
| 3 | Dividends on certain debt-financed stock of domestic and foreign corporations . . . . | | see instructions | |
| 4 | Dividends on certain preferred stock of less-than-20%-owned public utilities . . . . . | | 23.3 | |
| 5 | Dividends on certain preferred stock of 20%-or-more-owned public utilities . . . . . | | 26.7 | |
| 6 | Dividends from less-than-20%-owned foreign corporations and certain FSCs . . . . . | | 50 | |
| 7 | Dividends from 20%-or-more-owned foreign corporations and certain FSCs . . . . . | | 65 | |
| 8 | Dividends from wholly owned foreign subsidiaries . . . . . . . . . . | | 100 | |
| 9 | **Subtotal.** Add lines 1 through 8. See instructions for limitations . . . . . . . . | | see instructions | |
| 10 | Dividends from domestic corporations received by a small business investment company operating under the Small Business Investment Act of 1958 . . . . . . . | | 100 | |
| 11 | Dividends from affiliated group members . . . . . . . . . . . . | | 100 | |
| 12 | Dividends from certain FSCs . . . . . . . . . . . . . . | | 100 | |
| 13 | Foreign-source portion of dividends received from a specified 10%-owned foreign corporation (excluding hybrid dividends) (see instructions) . . . . . . . . | | 100 | |
| 14 | Dividends from foreign corporations not included on line 3, 6, 7, 8, 11, 12, or 13 (including any hybrid dividends) . . . . . . . . . . . . . | | | |
| 15 | Section 965(a) inclusion . . . . . . . . . . . . . . . | | see instructions | |
| 16 a | Subpart F inclusions derived from the sale by a controlled foreign corporation (CFC) of the stock of a lower-tier foreign corporation treated as a dividend (attach Form(s) 5471) (see instructions) . . . . . . . . . . . . . . | | 100 | |
| b | Subpart F inclusions derived from hybrid dividends of tiered corporations (attach Form(s) 5471) (see instructions) . . . . . . . . . . . . | | | |
| c | Other inclusions from CFCs under subpart F not included on line 15, 16a, 16b, or 17 (attach Form(s) 5471) (see instructions) . . . . . . . . . . . | | | |
| 17 | Global Intangible Low-Taxed Income (GILTI) (attach Form(s) 5471 and Form 8992) . . | | | |
| 18 | Gross-up for foreign taxes deemed paid . . . . . . . . . . . . | | | |
| 19 | IC-DISC and former DISC dividends not included on line 1, 2, or 3 . . . . . . | | | |
| 20 | Other dividends . . . . . . . . . . . . . . . . . | | | |
| 21 | Deduction for dividends paid on certain preferred stock of public utilities . . . . . . | | | |
| 22 | Section 250 deduction (attach Form 8993) . . . . . . . . . . . | | | |
| 23 | **Total dividends and inclusions.** Add column (a), lines 9 through 20. Enter here and on page 1, line 4 . . . . . . . | | | |
| 24 | **Total special deductions.** Add column (c), lines 9 through 22. Enter here and on page 1, line 29b . . . . . . . . . | | | |

Form **1120** (2019)

Form 1120 (2019)   AMERICAN TECHNOLOGY VENTURES LLC                                          83-1977406          Page **3**

| **Schedule J** | **Tax Computation and Payment** (see instructions) | | |
|---|---|---|---|

**Part I—Tax Computation**

| | | | |
|---|---|---|---|
| 1 | Check if the corporation is a member of a controlled group (attach Schedule O (Form 1120)). See instructions   ▶ ☐ | | |
| 2 | Income tax. See instructions . . . . . . . . . . . . . . . . . . . . . . | **2** | |
| 3 | Base erosion minimum tax amount (attach Form 8991) . . . . . . . . . . . . . . | **3** | |
| 4 | Add lines 2 and 3 . . . . . . . . . . . . . . . . . . . . . . . . | **4** | |
| 5a | Foreign tax credit (attach Form 1118) . . . . . . . . . | **5a** | | |
| b | Credit from Form 8834 (see instructions) . . . . . . . . | **5b** | | |
| c | General business credit (attach Form 3800) . . . . . . . | **5c** | | |
| d | Credit for prior year minimum tax (attach Form 8827) . . . . | **5d** | | |
| e | Bond credits from Form 8912 . . . . . . . . . . . . | **5e** | | |
| 6 | **Total credits.** Add lines 5a through 5e . . . . . . . . . . . . . . . . . | **6** | |
| 7 | Subtract line 6 from line 4 . . . . . . . . . . . . . . . . . . . . . | **7** | |
| 8 | Personal holding company tax (attach Schedule PH (Form 1120)) . . . . . . . . . . | **8** | |
| 9a | Recapture of investment credit (attach Form 4255) . . . . . | **9a** | | |
| b | Recapture of low-income housing credit (attach Form 8611) . . | **9b** | | |
| c | Interest due under the look-back method—completed long-term contracts (attach Form 8697) . . . . . . . . . . . . . . . . . . | **9c** | | |
| d | Interest due under the look-back method—income forecast method (attach Form 8866) . . . | **9d** | | |
| e | Alternative tax on qualifying shipping activities (attach Form 8902) . | **9e** | | |
| f | Other (see instructions—attach statement) . . . . . . . . | **9f** | | |
| 10 | **Total.** Add lines 9a through 9f . . . . . . . . . . . . . . . . . . . | **10** | |
| 11 | **Total tax.** Add lines 7, 8, and 10. Enter here and on page 1, line 31 . . . . . . . . | **11** | |

**Part II—Section 965 Payments** (see instructions)

| | | | |
|---|---|---|---|
| 12 | 2019 net 965 tax liability paid from Form 965-B, Part II, column (k), line 3. Enter here and on page 1, line 32 . . . . | **12** | |

**Part III—Payments, Refundable Credits, and Section 965 Net Tax Liability**

| | | | | |
|---|---|---|---|---|
| 13 | 2018 overpayment credited to 2019 . . . . . . . . . . . . . . . . . . | | **13** | |
| 14 | 2019 estimated tax payments . . . . . . . . . . . . . . . . . . . . | | **14** | |
| 15 | 2019 refund applied for on Form 4466 . . . . . . . . . . . . . . . . . | | **15** | ( ) |
| 16 | Combine lines 13, 14, and 15 . . . . . . . . . . . . . . . . . . . . | | **16** | |
| 17 | Tax deposited with Form 7004 . . . . . . . . . . . . . . . . . . . . | | **17** | |
| 18 | Withholding (see instructions) . . . . . . . . . . . . . . . . . . . . | | **18** | |
| 19 | **Total payments.** Add lines 16, 17, and 18 . . . . . . . . . . . . . . . . | | **19** | |
| 20 | Refundable credits from: | | | |
| a | Form 2439 . . . . . . . . . . . . . . . . . . | **20a** | | |
| b | Form 4136 . . . . . . . . . . . . . . . . . . | **20b** | | |
| c | Form 8827, line 5c . . . . . . . . . . . . . . . | **20c** | | |
| d | Other (attach statement—see instructions) . . . . . . . | **20d** | | |
| 21 | **Total credits.** Add lines 20a through 20d . . . . . . . . . . . . . . . . | | **21** | |
| 22 | 2019 net 965 tax liability from Form 965-B, Part I, column (d), line 3. See instructions . . . | | **22** | |
| 23 | **Total payments, credits, and section 965 net tax liability.** Add lines 19, 21, and 22. Enter here and on page 1, line 33 . . . . . . . . . . . . . . . . . . . . . . . | | **23** | |

Form **1120** (2019)

Form 1120 (2019)   AMERICAN TECHNOLOGY VENTURES LLC                                        83-1977406        Page **4**

| **Schedule K** | **Other Information** (see instructions) | | Yes | No |
|---|---|---|---|---|

**1** Check accounting method:  **a** [X] Cash  **b** [ ] Accrual  **c** [ ] Other (specify) ▶ ------------------------------

**2** See the instructions and enter the:

**a** Business activity code no.  ▶ 811110

**b** Business activity ▶ AUTO SALES AND REPAIR

**c** Product or service  ▶ AUTO SALES AND REPAIR

**3** Is the corporation a subsidiary in an affiliated group or a parent-subsidiary controlled group? . . . . . . . . . . | | | X

  If "Yes," enter name and EIN of the parent corporation ▶ ------------------------------

**4** At the end of the tax year:

**a** Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part I of Schedule G (Form 1120) (attach Schedule G) . . | | | X

**b** Did any individual or estate own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part II of Schedule G (Form 1120) (attach Schedule G) . . . . | | X |

**5** At the end of the tax year, did the corporation:

**a** Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation not included on **Form 851**, Affiliations Schedule? For rules of constructive ownership, see instructions. | | | X

  If "Yes," complete (i) through (iv) below.

| **(i)** Name of Corporation | **(ii)** Employer Identification Number (if any) | **(iii)** Country of Incorporation | **(iv)** Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | 0.000 |
| | | | 0.000 |
| | | | 0.000 |

**b** Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. | | | X

  If "Yes," complete (i) through (iv) below.

| **(i)** Name of Entity | **(ii)** Employer Identification Number (if any) | **(iii)** Country of Organization | **(iv)** Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|
| | | | 0.000 |
| | | | 0.000 |
| | | | 0.000 |

**6** During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? See sections 301 and 316 . . . . . . . . . . . . . | | | X

  If "Yes," file **Form 5452**, Corporate Report of Nondividend Distributions. See the instructions for Form 5452.

  If this is a consolidated return, answer here for the parent corporation and on Form 851 for each subsidiary.

**7** At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of the total voting power of all classes of the corporation's stock entitled to vote or at least 25% of the total value of all classes of the corporation's stock? . . . . | | | X

  For rules of attribution, see section 318. If "Yes," enter:

  **(a)** Percentage owned ▶ _____ 0.000 and **(b)** Owner's country ▶ _____

  **(c)** The corporation may have to file **Form 5472**, Information Return of 25% Foreign-Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business. Enter the number of Forms 5472 attached ▶ ------------------------------

**8** Check this box if the corporation issued publicly offered debt instruments with original issue discount . . . . . . . . . ▶ [ ]

  If checked, the corporation may have to file **Form 8281**, Information Return for Publicly Offered Original Issue Discount Instruments.

**9** Enter the amount of tax-exempt interest received or accrued during the tax year  ▶ $ ------------------------------

**10** Enter the number of shareholders at the end of the tax year (if 100 or fewer)  ▶ ------------------------------

**11** If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here (see instructions)  ▶ [ ]

  If the corporation is filing a consolidated return, the statement required by Regulations section 1.1502-21(b)(3) must be attached or the election will not be valid.

**12** Enter the available NOL carryover from prior tax years (do not reduce it by any deduction reported on page 1, line 29a.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ $

Form **1120** (2019)

Form 1120 (2019)   AMERICAN TECHNOLOGY VENTURES LLC                                    83-1977406          Page **5**

| **Schedule K** | **Other Information** *(continued from page 4)* | | |
|---|---|---|---|
| | | **Yes** | **No** |
| **13** | Are the corporation's total receipts (page 1, line 1a, plus lines 4 through 10) for the tax year **and** its total assets at the end of the tax year less than $250,000? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| | If "Yes," the corporation is not required to complete Schedules L, M-1, and M-2. Instead, enter the total amount of cash distributions and the book value of property distributions (other than cash) made during the tax year ▶ $ _ _ _ _ _ _ _ _ _ _ _ _ | | |
| **14** | Is the corporation required to file Schedule UTP (Form 1120), Uncertain Tax Position Statement? See instructions . . . . . . . . . | | X |
| | If "Yes," complete and attach Schedule UTP. | | |
| **15 a** | Did the corporation make any payments in 2019 that would require it to file Form(s) 1099? . . . . . . . . . . . | | X |
| **b** | If "Yes," did or will the corporation file required Form(s) 1099? . . . . . . . . . . . . . . . . . . . . . | | |
| **16** | During this tax year, did the corporation have an 80% -or- more change in ownership, including a change due to redemption of its own stock? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| **17** | During or subsequent to this tax year, but before the filing of this return, did the corporation dispose of more than 65% (by value) of its assets in a taxable, non-taxable, or tax deferred transaction? . . . . . . . . . . . . . . . . . . . . | | X |
| **18** | Did the corporation receive assets in a section 351 transfer in which any of the transferred assets had a fair market basis or fair market value of more than $1 million? . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| **19** | During the corporation's tax year, did the corporation make any payments that would require it to file Forms 1042 and 1042-S under chapter 3 (sections 1441 through 1464) or chapter 4 (sections 1471 through 1474) of the Code? . . . . . . . . . | | X |
| **20** | Is the corporation operating on a cooperative basis? . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| **21** | During the tax year, did the corporation pay or accrue any interest or royalty for which the deduction is not allowed under section 267A? See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| | If "Yes," enter the total amount of the disallowed deductions ▶ $ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | |
| **22** | Does the corporation have gross receipts of at least $500 million in any of the 3 preceding tax years? (See sections 59A(e)(2) and (3)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| | If "Yes," complete and attach Form 8991. | | |
| **23** | Did the corporation have an election under section 163(j) for any real property trade or business or any farming business in effect during the tax year? See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| **24** | Does the corporation satisfy one or more of the following? See instructions . . . . . . . . . . . . . . . | | X |
| **a** | The corporation owns a pass-through entity with current, or prior year carryover, excess business interest expense. | | |
| **b** | The corporation's aggregate average annual gross receipts (determined under section 448(c)) for the 3 tax years preceding the current tax year are more than $26 million and the corporation has business interest expense. | | |
| **c** | The corporation is a tax shelter and the corporation has business interest expense. | | |
| | If "Yes," to any, complete and attach Form 8990. | | |
| **25** | Is the corporation attaching Form 8996 to certify as a Qualified Opportunity Fund? . . . . . . . . . . . . . | | X |
| | If "Yes," enter amount from Form 8996, line 14 . . . . . . . ▶ $ | | |

Form **1120** (2019)

Form 1120 (2019)   AMERICAN TECHNOLOGY VENTURES LLC                        83-1977406   Page **6**

## Schedule L — Balance Sheets per Books

| | Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|---|
| 1 | Cash | | | | 349 |
| 2a | Trade notes and accounts receivable | | | | |
| b | Less allowance for bad debts | ( ) | | ( ) | |
| 3 | Inventories | | | | 258,070 |
| 4 | U.S. government obligations | | | | |
| 5 | Tax-exempt securities (see instructions) | | | | |
| 6 | Other current assets (attach statement) | | | | |
| 7 | Loans to shareholders | | | | |
| 8 | Mortgage and real estate loans | | | | |
| 9 | Other investments (attach statement) | | | | |
| 10a | Buildings and other depreciable assets | | | 200,999 | |
| b | Less accumulated depreciation | ( ) | | ( 148,159 ) | 52,840 |
| 11a | Depletable assets | | | | |
| b | Less accumulated depletion | ( ) | | ( ) | |
| 12 | Land (net of any amortization) | | | | |
| 13a | Intangible assets (amortizable only) | | | | |
| b | Less accumulated amortization | ( ) | | ( ) | |
| 14 | Other assets (attach statement) | | | | |
| 15 | Total assets | | 0 | | 311,259 |
| | **Liabilities and Shareholders' Equity** | | | | |
| 16 | Accounts payable | | | | |
| 17 | Mortgages, notes, bonds payable in less than 1 year | | | | |
| 18 | Other current liabilities (attach statement) | SEE STMT | | | 457 |
| 19 | Loans from shareholders | | | | 840,962 |
| 20 | Mortgages, notes, bonds payable in 1 year or more | | | | |
| 21 | Other liabilities (attach statement) | | | | |
| 22 | Capital stock: a Preferred stock | | | | |
| | b Common stock | | | 1,000 | 1,000 |
| 23 | Additional paid-in capital | | | | |
| 24 | Retained earnings—Appropriated (attach statement) | | | | |
| 25 | Retained earnings—Unappropriated | | | | −531,160 |
| 26 | Adjustments to shareholders' equity (attach statement) | | | | |
| 27 | Less cost of treasury stock | | ( ) | | ( ) |
| 28 | Total liabilities and shareholders' equity | | | | 311,259 |

## Schedule M-1 — Reconciliation of Income (Loss) per Books With Income per Return

**Note:** The corporation may be required to file Schedule M-3. See instructions.

| | | | | | |
|---|---|---|---|---|---|
| 1 | Net income (loss) per books | −531,160 | 7 | Income recorded on books this year not included on this return (itemize): Tax-exempt interest $ | |
| 2 | Federal income tax per books | | | | |
| 3 | Excess of capital losses over capital gains | | | | |
| 4 | Income subject to tax not recorded on books this year (itemize): | | 8 | Deductions on this return not charged against book income this year (itemize): | |
| 5 | Expenses recorded on books this year not deducted on this return (itemize): | | a | Depreciation $ | |
| a | Depreciation $ | | b | Charitable contributions $ | |
| b | Charitable contributions $ | | | | |
| c | Travel and entertainment $ 380 | | 9 | Add lines 7 and 8 | |
| | | 380 | 10 | Income (page 1, line 28)—line 6 less line 9 | −530,780 |
| 6 | Add lines 1 through 5 | −530,780 | | | |

## Schedule M-2 — Analysis of Unappropriated Retained Earnings per Books (Line 25, Schedule L)

| | | | | | |
|---|---|---|---|---|---|
| 1 | Balance at beginning of year | | 5 | Distributions: a Cash | |
| 2 | Net income (loss) per books | −531,160 | | b Stock | |
| 3 | Other increases (itemize): | | | c Property | |
| | | | 6 | Other decreases (itemize): | |
| | | | 7 | Add lines 5 and 6 | |
| 4 | Add lines 1, 2, and 3 | −531,160 | 8 | Balance at end of year (line 4 less line 7) | −531,160 |

Form **1120** (2019)

| US 1120 | Page 1, Line 26 - Other Deductions | 2019 |
|---|---|---|

**Name:** AMERICAN TECHNOLOGY VENTURES LLC   **EIN:** 83-1977406

**Type:**

| | |
|---|---:|
| Accounting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 5,050 |
| Amortization . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Answering service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Auto and truck expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 8,350 |
| Bank charges . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3,077 |
| Commissions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Computer expense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2,889 |
| Delivery and freight . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 50 |
| Dues and subscriptions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Promotions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Gifts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 7,050 |
| Janitorial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Laundry and cleaning . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Legal and professional fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 26,894 |
| Licenses and permits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 4,456 |
| Meals: 761 at 50% | |
| at 80% - DOT hours of service | |
| at 100% - See instructions . . . . . . . . . . . . . . . . . . . . . . . . | 381 |
| Miscellaneous . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Office expense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Outside service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 228,302 |
| Parking fees and tolls . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 264 |
| Postage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 522 |
| Printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1,381 |
| Sales expense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Security . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1,070 |
| Supplies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Telephone . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3,221 |
| Temporary help . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Tools . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Trade show expense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3,904 |
| Training and seminars . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Travel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 9,402 |
| Uniforms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Utilities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 17,258 |
| PROFESSIONAL FEES | 834 |
| ALARM EXPENSE | 1,330 |
| RENTAL EQUIPMENT | 206 |
| SOUND SYSTEM | 1,148 |
| SOFTWARE EXPENSE | 7,447 |
| U-HAUL | 41 |
| EDUCATION EXPENSE | 2,119 |
| PAYROLL EXPENSE | 231 |
| | |
| | |
| | |
| **Total** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 336,877 |

© 2019 Universal Tax Systems, Inc. and/or its affiliates and licensors. All rights reserved.                                                 USWCA$$1

| SCHEDULE G<br>**(Form 1120)**<br>(Rev. December 2011)<br>Department of the Treasury<br>Internal Revenue Service | **Information on Certain Persons Owning the<br>Corporation's Voting Stock**<br>▶ **Attach to Form 1120.**<br>▶ **See instructions on page 2.** | OMB No.1545-0123 |
|---|---|---|

| Name | Employer identification number (EIN) |
|---|---|
| AMERICAN TECHNOLOGY VENTURES LLC | 83-1977406 |

**Part I**  **Certain Entities Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4a). Complete columns (i) through (v) below for any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Percentage Owned in Voting Stock |
|---|---|---|---|---|
|  |  |  |  | 0.000 |
|  |  |  |  | 0.000 |
|  |  |  |  | 0.000 |
|  |  |  |  | 0.000 |
|  |  |  |  | 0.000 |
|  |  |  |  | 0.000 |
|  |  |  |  | 0.000 |
|  |  |  |  | 0.000 |
|  |  |  |  | 0.000 |
|  |  |  |  | 0.000 |

**Part II**  **Certain Individuals and Estates Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4b). Complete columns (i) through (iv) below for any individual or estate that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Individual or Estate | (ii) Identifying Number (if any) | (iii) Country of Citizenship (see instructions) | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| VASILII BOBKOV | 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 | RS | 100.000 |
|  |  |  | 0.000 |
|  |  |  | 0.000 |
|  |  |  | 0.000 |
|  |  |  | 0.000 |
|  |  |  | 0.000 |
|  |  |  | 0.000 |
|  |  |  | 0.000 |
|  |  |  | 0.000 |
|  |  |  | 0.000 |

For Paperwork Reduction Act Notice,
see the Instructions for Form 1120.
BCA

Schedule G (Form 1120) (Rev. 12-2011)

Form **1125-A**
(Rev. November 2018)

Department of the Treasury
Internal Revenue Service

# Cost of Goods Sold

▶ **Attach to Form 1120, 1120-C, 1120-F, 1120S, or 1065.**
▶ **Go to** *www.irs.gov/Form1125A* **for the latest information.**

OMB No. 1545-0123

| Name | Employer identification number |
|---|---|
| AMERICAN TECHNOLOGY VENTURES LLC | 83-1977406 |

| | | | |
|---|---|---|---|
| 1 | Inventory at beginning of year | **1** | |
| 2 | Purchases | **2** | 337,802 |
| 3 | Cost of labor | **3** | |
| 4 | Additional section 263A costs (attach schedule) | **4** | |
| 5 | Other costs (attach schedule) | **5** | 16,962 |
| 6 | **Total.** Add lines 1 through 5 | **6** | 354,764 |
| 7 | Inventory at end of year | **7** | 258,070 |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on Form 1120, page 1, line 2 or the appropriate line of your tax return. See instructions | **8** | 96,694 |

**9 a** Check all methods used for valuing closing inventory:

    *(i)* [X] Cost

    *(ii)* [ ] Lower of cost or market

    *(iii)* [ ] Other (Specify method used and attach explanation.) ▶ --------------------------------

  **b** Check if there was a writedown of subnormal goods . . . . . . . . . . . . . . . ▶ [ ]

  **c** Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) . . . . . . ▶ [ ]

  **d** If the LIFO inventory method was used for this tax year, enter amount of closing inventory computed under LIFO . . . . . . . . . . . . . . . . . . . . **9d** | |

  **e** If property is produced or acquired for resale, do the rules of section 263A apply to the entity? See instructions . . [ ] Yes [X] No

  **f** Was there any change in determining quantities, cost, or valuations between opening and closing inventory? If "Yes," attach explanation . . . . . . . . . . . . . . . . . . . . . . . . [ ] Yes [X] No

Form **4562**

### Depreciation and Amortization
### (Including Information on Listed Property)

OMB No. 1545-0172

**2019**

Department of the Treasury
Internal Revenue Service   (99)

▶ Attach to your tax return.

▶ Go to *www.irs.gov/Form4562* for instructions and the latest information.

Attachment
Sequence No. **179**

| Name(s) shown on return | Business or activity to which this form relates | Identifying number |
|---|---|---|
| AMERICAN TECHNOLOGY VENTURES LL | RETAIL PARS & CARS | 83-1977406 |

**Part I**   **Election To Expense Certain Property Under Section 179**

Note: If you have any listed property, complete Part V before you complete Part I.

| | | |
|---|---|---|
| 1 Maximum amount (see instructions) | **1** | |
| 2 Total cost of section 179 property placed in service (see instructions) | **2** | |
| 3 Threshold cost of section 179 property before reduction in limitation (see instructions) | **3** | |
| 4 Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | **4** | |
| 5 Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | **5** | |

| 6 | (a) Description of property | (b) Cost (business use only) | (c) Elected cost |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| 7 Listed property. Enter the amount from line 29 | **7** | | |
| 8 Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | | **8** | |
| 9 Tentative deduction. Enter the **smaller** of line 5 or line 8 | | **9** | |
| 10 Carryover of disallowed deduction from line 13 of your 2018 Form 4562 | | **10** | |
| 11 Business income limitation. Enter the smaller of business income (not less than zero) or line 5. See instructions | | **11** | |
| 12 Section 179 expense deduction. Add lines 9 and 10, but don't enter more than line 11 | | **12** | |
| 13 Carryover of disallowed deduction to 2020. Add lines 9 and 10, less line 12 ▶ | **13** | | |

Note: Don't use Part II or Part III below for listed property. Instead, use Part V.

**Part II**   **Special Depreciation Allowance and Other Depreciation (Don't** include listed property. See instructions.**)**

| | | |
|---|---|---|
| 14 Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year. See instructions | **14** | 139,349 |
| 15 Property subject to section 168(f)(1) election | **15** | |
| 16 Other depreciation (including ACRS) | **16** | |

**Part III**   **MACRS Depreciation (Don't** include listed property. See instructions.**)**

**Section A**

| | | |
|---|---|---|
| 17 MACRS deductions for assets placed in service in tax years beginning before 2019 | **17** | |
| 18 If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here ▶ ☐ | | |

**Section B - Assets Placed in Service During 2019 Tax Year Using the General Depreciation System**

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only—see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| 19 a 3-year property | | | | | | |
| b 5-year property | | | | | | |
| c 7-year property | | 61,650 | 7 | HY | 200 DB | 8,810 |
| d 10-year property | | | | | | |
| e 15-year property | | | | | | |
| f 20-year property | | | | | | |
| g 25-year property | | | 25 yrs. | | S/L | |
| h Residential rental | | | 27.5 yrs. | MM | S/L | |
| property | | | 27.5 yrs. | MM | S/L | |
| i Nonresidential real | | | 39 yrs. | MM | S/L | |
| property | | | 0.0 | MM | S/L | |

**Section C - Assets Placed in Service During 2019 Tax Year Using the Alternative Depreciation System**

| | | | | | | |
|---|---|---|---|---|---|---|
| 20 a Class life | | | | | S/L | |
| b 12-year | | | 12 yrs. | | S/L | |
| c 30-year | | | 30 yrs. | MM | S/L | |
| d 40-year | | | 40 yrs. | MM | S/L | |

**Part IV**   **Summary** (See instructions.)

| | | |
|---|---|---|
| 21 Listed property. Enter amount from line 28 | **21** | |
| 22 Total. Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations—see instructions | **22** | 148,159 |
| 23 For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | **23** | |

For Paperwork Reduction Act Notice, see separate instructions.

Form 4562 (2019)

BCA

11:57 AM

**AMERICAN TECHNOLOGY VENTURES LLC**

04/09/20

**Profit & Loss**

Accrual Basis

**January through December 2019**

|  | Jan - Dec 19 |
|---|---:|
| **Ordinary Income/Expense** | |
| **Income** | |
| Sales | 204,903.85 |
| **Total Income** | 204,903.85 |
| **Cost of Goods Sold** | |
| Cost of Goods Sold | 36,046.14 |
| Parts Purchase | 43,686.13 |
| Transportation | 5,393.32 |
| **Total COGS** | 85,125.59 |
| **Gross Profit** | 119,778.26 |
| **Expense** | |
| Accounting Services | 5,050.00 |
| Advertising and Promotion | 5,886.76 |
| Alarm Expense | 1,329.63 |
| Automobile Expense | 8,350.32 |
| Bank Service Charges | 3,076.74 |
| Business Licenses and Permits | 4,455.90 |
| Computer and Internet Expenses | 2,889.43 |
| Delivery Service | 50.00 |
| Depreciation Expense | 148,159.00 |
| Education Expense | 2,118.96 |
| Insurance Expense | 7,049.91 |
| LEGAL FEES | 26,893.98 |
| Meals and Entertainment | 760.72 |
| Moving expense | 40.65 |
| Office Supplies | 0.00 |
| Outside Services | 228,302.17 |
| PARKING | 263.92 |
| Payroll Expenses | 11,182.00 |
| Postage and Delivery | 522.38 |
| Printing and Reproduction | 1,380.54 |
| Professional Fees | 833.94 |
| Reconciliation Discrepancies | 0.00 |
| Renatal Equipment | 206.00 |
| Rent Expense | 128,457.90 |
| Repairs and Maintanence | 7,042.69 |
| Security expenses | 1,070.35 |
| SHIPPING EXPENSE | 11,569.09 |
| Small tools | 0.00 |
| Software Expense | 7,446.65 |
| Sound System | 1,147.81 |
| Taxes - Sales | 1,614.57 |
| Telephone Expense | 3,221.19 |
| Trade Show Expense | 3,904.00 |
| Travel Expense | 9,401.71 |
| Utilities | 17,258.12 |
| WITHDRAWAL | 0.00 |
| **Total Expense** | 650,937.03 |
| **Net Ordinary Income** | -531,158.77 |
| **Net Income** | **-531,158.77** |

Ex B

**AMERICAN TECHNOLOGY VENTURES LLC**
**Profit & Loss**

| 5:49 PM | |
| 03/15/21 | |
| Cash Basis | **January through December 2020** |

| | Jan - Dec 20 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| **Returned Item** | -38,533.40 |
| **Sales** | |
| **Domest Wire** | 225,526.28 |
| **Intuit** | 1,400.00 |
| **Mobil Deposit** | 69,911.89 |
| **Parts** | 3,655.00 |
| **PayPal** | 11,148.12 |
| **Shopmankey** | 8,693.82 |
| **Square** | 22,815.48 |
| **Sales - Other** | 81,400.00 |
| **Total Sales** | 424,550.59 |
| **Subrent Income** | 5,573.11 |
| **Total Income** | 391,590.30 |
| **Cost of Goods Sold** | |
| **Contract Labor** | 135,249.79 |
| **Merchant Account Fees** | |
| **Intuit Fee** | 33.85 |
| **Total Merchant Account Fees** | 33.85 |
| **Parts & Materials Purchases** | 118,026.26 |
| **Shipping Cost** | 3,143.11 |
| **Subcontracted Services** | 36,170.44 |
| **Total COGS** | 292,623.45 |
| **Gross Profit** | 98,966.85 |
| **Expense** | |
| **Accounting Fee** | 7,032.50 |
| **Advertising and Promotion** | 17,406.27 |
| **Auctions Fee** | 99.00 |
| **Automobile Expense** | |
| **Gas** | 2,298.02 |
| **Lease** | 5,146.31 |
| **Tolls & Parking** | 22.67 |
| **Towing** | 675.00 |
| **Wash** | 45.00 |
| **Automobile Expense - Other** | 140.00 |
| **Total Automobile Expense** | 8,327.00 |
| **Bank Service Charges** | 2,807.82 |
| **Business Licenses and Permits** | 2,768.00 |
| **Computer and Internet Expenses** | |
| **Internet** | 1,683.47 |
| **Social Media Platform** | 513.06 |
| **Web Hosting** | 307.74 |
| **Web Storage** | 495.00 |
| **Computer and Internet Expenses - Ot...** | 703.49 |
| **Total Computer and Internet Expenses** | 3,702.76 |
| **Customs Service** | 3,945.18 |
| **Dues and Subcriptions Expense** | 133.50 |
| **Insurance Expense** | |
| **Workers Comp** | 2,112.43 |
| **Insurance Expense - Other** | 7,030.73 |
| **Total Insurance Expense** | 9,143.16 |
| **Logo Design Services** | 50.00 |
| **Marketing Expense** | 1,490.66 |
| **Meals and Entertainment** | 1,091.92 |

Ex B

**AMERICAN TECHNOLOGY VENTURES LLC**
**Profit & Loss**
January through December 2020

5:49 PM
03/15/21
Cash Basis

|  | Jan - Dec 20 |
|---|---|
| **Office Supplies** | |
|   **Software** | |
|     **Inventory Management** | 587.98 |
|     **Shop Management Software** | 1,078.56 |
|     **Software - Other** | 2,912.33 |
|   **Total Software** | 4,578.87 |
|   **Office Supplies - Other** | 818.18 |
| **Total Office Supplies** | 5,397.05 |
| **Payroll Expenses** | |
|   **Payroll Tax** | 2,764.88 |
|   **Wage** | 22,600.00 |
| **Total Payroll Expenses** | 25,364.88 |
| **Postage & Delivery** | 1,262.99 |
| **Professional Fees** | |
|   **Legal Fee** | 49,592.17 |
|   **Professional Fees - Other** | 531.11 |
| **Total Professional Fees** | 50,123.28 |
| **Rent Expense** | |
|   **Terminal** | 20,404.35 |
|   **Rent Expense - Other** | 122,793.47 |
| **Total Rent Expense** | 143,197.82 |
| **Security Expense** | 615.35 |
| **Security Service** | 3,745.00 |
| **SEO Service** | |
|   **Coalition Technologies** | 18,020.17 |
| **Total SEO Service** | 18,020.17 |
| **Sewing Machine Service** | 200.00 |
| **Small Tools and Equipment** | |
|   **Fire Equpm** | 1,060.43 |
|   **Small Tools and Equipment - Other** | 1,319.37 |
| **Total Small Tools and Equipment** | 2,379.80 |
| **Supplies Expense** | |
|   **Amazon** | 7,186.20 |
|   **Ebay** | 589.31 |
|   **Fiberglass** | 3,441.57 |
|   **Home Depot** | 6,429.67 |
|   **Hydes Leather** | 14,894.65 |
|   **Oil** | 1,002.50 |
|   **Paypal** | 11,615.41 |
|   **Supplies Expense - Other** | 6,844.18 |
| **Total Supplies Expense** | 52,003.49 |
| **Surveillance Service** | 89.95 |
| **Taxes** | |
|   **Sales Tax** | 189.00 |
| **Total Taxes** | 189.00 |
| **Telephone Expense** | 888.00 |
| **Trademark Fee** | 12,198.00 |
| **Transportation Expense** | 1,050.00 |

5:49 PM

03/15/21

Cash Basis

# AMERICAN TECHNOLOGY VENTURES LLC
## Profit & Loss
### January through December 2020

|  | Jan - Dec 20 |
| --- | --- |
| **Travel Expense** |  |
| **Airlines** | 322.40 |
| **Rent a Car** | 1,409.47 |
| **Taxi** | 538.20 |
| **Total Travel Expense** | 2,270.07 |
| **Truck Rental** | 297.39 |
| **Uniforms** | 26.73 |
| **Utilities** |  |
| **Electricity** | 9,231.73 |
| **Waste** | 980.00 |
| **Water** | 2,080.20 |
| **Total Utilities** | 12,291.93 |
| **Total Expense** | 389,608.67 |
| **Net Ordinary Income** | -290,641.82 |
| **Other Income/Expense** |  |
| **Other Income** |  |
| **Card Credit** | 204.40 |
| **Card Provisional Credit** | 241.22 |
| **Credit Interest** | 0.17 |
| **Total Other Income** | 445.79 |
| **Other Expense** |  |
| **Cash Monthly Company Expense** | 17,103.00 |
| **Total Other Expense** | 17,103.00 |
| **Net Other Income** | -16,657.21 |
| **Net Income** | **-307,299.03** |

Ex C

## CONTRACTOR AGREEMENT

*State of Florida*

2·18·2020

This Service Agreement, hereinafter referred to as "Agreement," is entered into and made effective as of the date _2·18·2020_ by and between the following parties:

_Anthony Dominey_ , residing at:

_15701 NW 15 Ave  Miami Fl 53169_ , will refer to and be used to describe "INDEPENDENT CONTRACTOR " or " CONTRACTOR "

and

American Technology Ventures LLC, a limited liability company, organized under the laws of the state of Florida, having its principal place of business at the following address: 15701 NW 15TH AVE., MIAMI, FL 33169, will refer to and be used to describe "CUSTOMER".

CUSTOMER and INDEPENDENT CONTRACTOR may be referred to collectively as the "Parties.

### *RECITALS:*

*WHEREAS,CUSTOMER wishes to retain the Services (as defined below) of INDEPENDENT CONTRACTOR :*
*WHEREAS, INDEPENDENT CONTRACTOR has the skills, qualifications, and expertise required to provide the Services to the CUSTOMER:*
*WHEREAS, INDEPENDENT CONTRACTOR wishes to render such Services to CUSTOMER.*
*NOW, therefore, in consideration of the promises and covenants contained herein, as well as other good and valuable consideration (the receipt and sufficiency of which is hereby acknowledged), the Parties do hereby agree as follows:*

### Article 1 - AGREEMENT

The CONTRACTOR shall, during the term of the contract at the request of the CUSTOMER, provide services for the repair and maintenance of motor vehicles (hereinafter referred to as services), and the CUSTOMER shall accept and pay for the services rendered on the terms of this contract.

### Article 3 – LOCATION

Independent CONTRACTOR will render the Services anywhere the Parties considers appropriate to the type and nature of the work required to complete the Services.

### Article 4 – FEES

4.1. The final cost of repair work is determined in each case in accordance with the list and type of work specified in the Work Order agreed by the Parties, as well as with the standards for labor-intensive work and the price list of the cost of works, spare parts, parts, components and consumables applicable to the CONTRACTOR

In the event that due to the fault of the CONTRACTOR, the expected deadlines for work are delayed for more than 1 business day, after the appointed date, penalties in the amount of $50 per day of delay are applied.

4.2. The fact of the provision of services is confirmed by the Act of the executed works with the simultaneous issuing of the Invoice for payment.

CUSTOMER _____
CONTRACTOR _____

4.3. The cost of the work under this Agreement is paid by the CUSTOMER in cash through the CONTRACTOR 's cash desk or by bank transfer to the CONTRACTOR 's current account every second Friday, after the CONTRACTOR has issued an invoice for payment.

The CUSTOMER shall have the following time period in which to pay the Independent CONTRACTOR 's invoice: 2 working days

4.4. The expiration of this agreement does not release the Parties from liability for violation of the terms of the agreement made during the period of its validity, and does not relieve the Parties of their obligations for the final settlement.

The CUSTOMER agrees to pay the Independent CONTRACTOR the required Fees, as outlined elsewhere in this Agreement, for the provision of the Services, subject to the following terms and conditions:

4.5. Expenses: The Independent CONTRACTOR is responsible for the management and payment of any and all expenses incurred in the rendering of the Services and is not permitted to charge is any such expenses back to the CUSTOMER.

4.6. Tax Statement: Any and all charges payable under this Agreement are exclusive of taxes, surcharges, or other amounts assessed by state or federal governments.

Taxes imposed upon or required to be paid by CUSTOMER or Independent CONTRACTOR shall be the sole and exclusive responsibility of each, respectively.

4.7. The parties have determined that information on the cost of services is confidential and is not subject to disclosure.

## Article 5 - RIGHTS AND OBLIGATIONS OF THE PARTIES

### 5.1. The CONTRACTOR undertakes:

5.1.1. During the operating mode established by the CONTRACTOR, from Monday to Saturday, from 9 am to 7 pm, except for general vacation days and holidays, to accept for carrying out maintenance and repair of automobiles of the CUSTOMER in the manner determined by this Agreement

5.1.2. Carry out maintenance and repair of vehicles in accordance with current standards of time and established technology of the manufacturer.

The minimum amount of work the CONTRACTOR should be willing to undertake per week is 40 hours. If the CONTRACTOR does not fit into the established hours, he must notify the CUSTOMER in advance.

5.1.3. In advance, provide the CUSTOMER with list of spare parts, parts and consumables required to perform the work undertaken, in order to meet the deadlines.

5.1.4. To issue, at the request of the CUSTOMER, replaced in the process of repair, maintenance of parts and components after its completion. The CUSTOMER retains ownership of units, assemblies and materials that came from him to the CONTRACTOR , as well as dismantled during the repair of the car.

5.1.5. To bear warranty obligations for the performed maintenance and / or repair within 2 weeks after the vehicle is accepted by the CUSTOMER.

Any defects found during the warranty period related to maintenance and repair are free of charge.

The warranty does not apply on spare parts and parts provided by the CUSTOMER, as well as to cases of natural wear and adjustment work.

In addition, the warranty does not cover defects resulting from careless or unqualified handling of the vehicle during its operation, storage or transportation (.

5.1.6. In advance to notify the CUSTOMER about the timing of completion of work.

5.1.7. Notify the CUSTOMER in case of detection of hidden defects and eliminate them only with the consent of the CUSTOMER. agreeing the deadlines for the work.

5.1.8. The CONTRACTOR is liable to the CUSTOMER and to third parties in the event of damage. Damage. meaning physical harm caused to something in such a way that it damages its value, usefulness or normal functioning.

The CONTRACTOR shall be liable and shall compensate the CUSTOMER for any damaged, lost or broken items, spare parts and equipment.

5.1.9. Contractor shall keep the workplace allocated by the CUSTOMER clean and in order. Failure to comply with the order imposes a fine of $50.

CUSTOMER

CONTRACTOR

**6.2. CUSTOMER undertakes to:**

6.2.1. When providing a vehicle for repair and / or maintenance, provide the CONTRACTOR in a timely manner with a list of works and deadlines for their execution (in written and / or electronic form).

6.2.2. Pay for the work performed by the CONTRACTOR in the amount and on the conditions provided for in this AGREEMENT.

7.2.3. In case of detection of latent defects in the process of performing repair work, the CONTRACTOR agrees with the CUSTOMER on the need and timing for the implementation of works to eliminate them.

7.2.4. The CUSTOMER at any time has the right to check the progress and quality of the provision of services without interfering with the activities of the CONTRACTOR .

7.2.5 To provide the CONTRACTOR with all the necessary parts and equipment necessary for the performance of the assigned work.

## Article 7 - INTELLECTUAL PROPERTY

In accordance with the terms and conditions of this Agreement, the Independent CONTRACTOR may create certain intellectual property ("Created IP"), including, but not limited to, plans, drawing, specifications, reports, advice, analyses, designs, code, artwork, or any other intellectual property as required to render the provision of Services to the CUSTOMER. Unless the Parties otherwise agree, any such Created IP generated by the Independent CONTRACTOR in connection with the provision of Services to the CUSTOMER shall belong to the CUSTOMER.

## Article 8 – CONFIDENTIALITY

Each Party hereby acknowledges and agrees that they and the other party each possess certain non-public Confidential Information (as hereinafter defined) and may also possess Trade Secret Information (as hereinafter defined) (collectively the "Proprietary Information") regarding their business operations and development. The Parties agree that the Proprietary Information is secret and valuable to each of their respective businesses and the Parties have entered into a business relationship, through which they will each have access to the other party's Proprietary Information. Each of the Parties desires to maintain the secret and private nature of any Proprietary Information given. "Receiving Party" refers to the Party that is receiving the Proprietary Information and "Disclosing Party" refers to the Party that is disclosing the Proprietary Information.

A) Confidential Information refers to any information which is commercially valuable to either of the Parties.

The Confidential Information may be in the form of documents, techniques, methods, practices, tools, specifications, inventions, patents, trademarks, copyrights, equipment, algorithms, models, samples, software, drawings, sketches, plans, programs or other oral or written knowledge and/or secrets and may pertain to, but is not limited to, the fields of research and development, forecasting, personnel.     CUSTOMERs, suppliers, intellectual property and/or finance or any other information which is confidential and commercially valuable to either of the Parties.

Confidential Information shall not mean any information which:

I) is known or available to the public at the time of disclosure or became known or available after disclosure through no fault of the Receiving Party;

II) is already known, through legal means, to the Receiving Party;

III) is given by the Disclosing Party to third parties, other than the Receiving Party, without any restrictions;

IV) is given to the Receiving Party by any third party who legally had the Confidential Information and the right to disclose it; or

V) is developed independently by the Receiving Party and the Receiving Party can show such independent development.

CUSTOMER
CONTRACTOR

B) "Trade Secret Information" shall be defined specifically as any formula, process, method, pattern, design or other information that is not known or reasonably ascertainable by the public, consumers, or competitors through which, and because of such secrecy, an economic or commercial advantage can be achieved.

C) Both Parties hereby agree they shall:

I) Not disclose the Proprietary Information via any unauthorized means to any third parties throughout the duration of this Agreement and the Parties' relationship with each other;

II) Not disclose the Confidential Information via any unauthorized means to any third parties for a period of 3 (three) years following the termination of this Agreement;

III) Not disclose the Trade Secret Information forever, or for as long as such information remains a trade secret under applicable law, whichever occurs first, to any third party at any time:

IV) Not use the Confidential Information or the Trade Secret Information for any purpose except those contemplated herein or expressly authorized by the Disclosing Party.

## Article 9 – WARRANTIES

The Independent CONTRACTOR represents and warrants that it will perform the Services using reasonable care and skill for a Independent CONTRACTOR in their field and that any end products or materials given by the Independent CONTRACTOR to the CUSTOMER under the terms and conditions of this Agreement will not infringe on or violate the intellectual property rights or any other right of any third party.

- CONTRACTOR confirms that he has all the necessary Training, Licenses, Certifications, Permits, insurance policies and Registrations appropriate for the work to be done. CONTRACTOR undertakes to provide evidence all the necessary documents upon the first request of the CUSTOMER.

All necessary training, licenses, certificates, permits and registrations the CONTRACTOR receives independently and at the expense of personal funds.

- The CONTRACTOR guarantees that he will perform his works in compliance with safety regulations and compliance with the rules for using equipment

- The CONTRACTOR confirms that the CUSTOMER is not responsible for the performance of work by him (the CONTRACTOR) in the absence of permits and passing special practices and trainings.

- The warranty for service and repair services for cars is 2 weeks / 14 working days (set aside) from the date of work.

- The contractor during the warranty period established by this contract guarantees the quality of work performed.

In case of identification of deficiencies of the work performed during the warranty period established by this agreement, the Contractor shall eliminate these defects free of charge. The deadline for elimination of deficiencies shall be established in each case separately, but may not exceed 2 weeks.

## Article 10 - LIMITATION OF LIABILITY

Except in cases of death or personal injury caused by either party's negligence, either party's liability in contract, tort or otherwise arising through or in connection with this Agreement or through or in connection with the completion of obligations under this Agreement shall be limited to Fees paid by the CUSTOMER to the Independent CONTRACTOR .

## Article 11 - TIME FOR PERFORMANCE

The term of the work is set from _____ to _____ .

Time shall be of the essence for the performance by the Independent CONTRACTOR of its obligations under the Agreement. Any dates, periods or times for performance specified in the Agreement are to be met, and in default, the Independent CONTRACTOR will be in breach of the Agreement.

CUSTOMER
CONTRACTOR

**Article 12 – TERMINATION**

12.1. This Agreement may be terminated be either party, upon notice in writing:

a) if the other party commits a material breach of any term of this Agreement that is not capable of being remedied within fourteen (14) days or that should have been remedied within fourteen (14) days after a written request and was not;

b) if the other party becomes unable to perform its duties hereunder, including a duty to pay or a duty to perform;

c) if the other party or its employees or agents engage in any conduct prejudicial to the business of the other, or in the event that either party considers that a conflict or potential conflict of interest has arisen between the parties.

12.2.   CUSTOMER have right to Terminate Without Stated Cause. CUSTOMER shall have the right to terminate the relationship created under this Agreement at any time without stating a cause upon giving five (5) days' prior written notice to INDEPENDENT CONTRACTOR

12.3. If this Agreement is terminated before the expiration of its natural term, CUSTOMER hereby agrees to pay for all Services rendered up to the date of termination.

**Article 13 - RELATIONSHIP OF THE PARTIES**

The Parties hereby acknowledge and agree that nothing in this Agreement shall be deemed to constitute a partnership, joint venture, agency relationship or otherwise between the Parties and that this Agreement is for the sole and express purpose of the rendering of the specific Services by the Independent CONTRACTOR to the CUSTOMER under the terms and conditions herein.

**Article 16 - GENERAL PROVISIONS**

a) **GOVERNING LAW**: This Agreement shall be governed in all respects by the laws of the state of Florida and any applicable federal law. Both Parties consent to jurisdiction under the state and federal courts within the state of Florida. The Parties agree that this choice of law, venue, and jurisdiction provision is  mandatory in nature.

b) **LANGUAGE:** All communications made or notices given pursuant to this Agreement shall be in the English language.

c) **AMENDMENTS**: This Agreement may only be amended in writing signed by both Parties.

d) **SEVERABILITY**: If any provision or term of this Agreement is held to be unenforceable, then this Agreement will be deemed amended to the extent necessary to render the otherwise unenforceable provision, and the rest of the Agreement, valid and enforceable. If a court declines to amend this Agreement as provided herein, the invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of the remaining terms and provisions, which shall be enforced as if the offending term or provision had not been included in this Agreement.

e) **ENTIRE AGREEMENT**: This Agreement constitutes the entire agreement between the Parties and supersedes any prior or contemporaneous understandings, whether written or oral.

f) **COUNTERPARTS:** This Agreement may be executed in counterparts, all of which shall constitute a single agreement. If the dates set forth at the end of this document are different, this Agreement is to be considered effective as of the date that both Parties have signed the agreement, which may be the later date.

CUSTOMER

CONTRACTOR

g) **FORCE MAJEURE:** INDEPENDENT CONTRACTOR is not liable for any failure to perform due to causes beyond its reasonable control including, but not limited to, acts of God, acts of civil authorities, acts of military authorities, riots, embargoes, acts of nature and natural disasters, and other acts which may be due to unforeseen circumstances.

h) **NOTICES ELECTRONIC COMMUNICATIONS PERMITTED**: i) Any notice to be given under this Agreement shall be in writing and shall be sent by first class mail, air mail, or e-mail, to the address of the relevant Party set out at the head of this Agreement, or to the relevant email address set out below or other email address as that Party may from time to time notify to the other Party in accordance with this clause. The relevant contact information for the Parties is as follows:

*INDEPENDENT CONTRACTOR* :

*CUSTOMER:*

Notices sent as above shall be deemed to have been received 3 working days after the day of posting (in the case of inland first class mail), or 7 working days after the date of posting (in the case of air mail), or next working day after sending (in the case of e-mail).

In proving the giving of a notice it shall be sufficient to prove that the notice was left, or that the envelope containing the notice was properly addressed and posted, or that the applicable means of telecommunication was addressed and dispatched and dispatch of the transmission was confirmed and/or acknowledged as the case may be.

*EXECUTION:*

Name:

Representative Signature:

Representative Title:

Date: 2 . 18 . 2020

Name: **American Technology Ventures LLC,**

Representative Signature:

Representative Title:

Date: 02.18.2020