**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-22835-BLOOM/Louis**

ANTHONY RAMIREZ,

    Plaintiff,

v.

AMERICAN TECHNOLOGY
VENTURES, LLC,

    Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant American Technology Ventures, LLC's ("Defendant") Motion for Summary Judgment with Incorporated Memorandum of Law, ECF No. [38] ("Motion"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.[1]

**I.   BACKGROUND**

Plaintiff Anthony Ramirez ("Plaintiff") initiated this action on July 10, 2020, seeking unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). ECF No. [1] ("Complaint"). According to the Complaint, Defendant "was primarily engaged in providing motor vehicle customization, upholstery, fabrication, and similar services to

---

[1] Plaintiff urges the Court to strike the Motion because "Defendant failed to file the requisite Index required by the Court." ECF No. [44] at 1 n.1; *see also* ECF No. [11] (instructing the parties that after filing a motion for summary judgment, "the movant shall separately file an index of the cited exhibits which names each exhibit and references the docket entry at which the exhibit may be found."). Plaintiff is correct, and the Court reminds Defendant's counsel that compliance with the Court's order and the Local Rules is not an option but a requirement. In the interest of resolving the Motion on the merits, the Court accepts the Motion as filed and will not strike it.

customers in and around Miami-Dade County, Florida." *Id.* ¶ 10. Plaintiff alleges that he worked for Defendant "under the title of Custom Fabricator and Mechanic[,]" and his duties "were to perform custom fabrication and mechanical services on behalf of Defendant's clients." *Id.* ¶¶ 15, 25. Plaintiff further alleges that he regularly worked fifty-four or more hours per week for Defendant, but Defendant failed to pay him full and proper overtime compensation for all hours worked above forty hours per week. *Id.* ¶¶ 26-32, 40. Based on the foregoing, the Complaint asserts a claim for violation of 29 U.S.C. § 207 due to Defendant's failure to compensate Plaintiff for his overtime work. *Id.* ¶¶ 46-51.

Regarding the instant Motion, ECF No. [38], Defendant filed its corresponding Statement of Undisputed Material Facts, ECF No. [38-1] ("Defendant's SMF"). Plaintiff filed a Response, ECF No. [44] ("Plaintiff's MSJ Response"), together with his Response to Defendant's SMF, ECF No. [44-2] ("Plaintiff's SMF Response"). Finally, Defendant filed a Reply in support of its Motion, ECF No. [46] ("Defendant's MSJ Reply"). The Motion is ripe for consideration.

## II. MATERIAL FACTS

Based upon the parties' respective statements of material facts in support of and in opposition to the Motion, along with the evidence in the record, the following facts are not genuinely in dispute unless otherwise noted.[2]

---

[2] In support of Plaintiff's MSJ Response, Plaintiff filed a statement of facts in opposition to Defendant's statement of facts, attached to which is a sworn declaration by Plaintiff. *See* ECF No. [44-1] ("Plaintiff's Declaration"). Plaintiff's MSJ Response is grounded in large part on Plaintiff's Declaration, which consists of statements and opinions otherwise unsubstantiated by the record before the Court. It is well-established that "[s]uch unsubstantiated, conclusory allegations are insufficient to survive summary judgment" when contradicted by the record. *Kloha v. Duda*, 246 F. Supp. 2d 1237, 1242 (M.D. Fla. 2003). Thus, Plaintiff's Declaration cannot alone create a genuine issue of material fact, and the Court disregards Plaintiff's Declaration when and to the extent it contradicts Plaintiff's testimony and other clear record evidence. *See Hall v. Sunjoy Indus. Grp.*, 764 F. Supp. 2d 1297, 1304 (M.D. Fla. 2011) ("The Court can disregard an unsupported affidavit that contradicts the evidence."); *see also Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) ("[Plaintiff's] conclusory assertions to the contrary, in the absence of supporting evidence, are insufficient to withstand summary judgment."). The Court sets forth the facts insofar as they are supported by evidence in the record.

Defendant is in the business of customizing vehicles, and has a shop located in Miami-Dade County, Florida. ECF No. [38-3]. Defendant's tax returns reveal that it generated gross receipts totaling $204,904.00 in 2019 and $424,551.00 in 2020. ECF Nos. [38-3] at 3-12 and [46-1] at 2-21.

According to Plaintiff, he was employed by Defendant as a "Custom Fabricator and Mechanic" from February 2020 through May 2020. ECF No. [38-2] at 68:7-10. Plaintiff's role included manufacturing and constructing fiberglass parts, truck suspensions, bumpers, brackets, toppers, wiring and electrical components, bumpers, rails, paneling, and power inverters. *Id.* at 88-108. During his deposition, Plaintiff testified that he did not speak with customers and received directives in the form of purchase orders directly from his supervisors. *Id.* at 14:17-15:10, 17:11-18:2, 69:15-72:3. Additionally, because Defendant would either run out of materials or materials would not get delivered, Plaintiff "[had] to sit behind a computer and order things or go and call people that he [knew] . . . to get things for [Defendant.]" *Id.* at 49:9-20. Plaintiff also explains that he was required to use many of his own tools for work. *Id.* at 18:7-19:4.

Prior to working for Defendant, Plaintiff worked for Mosquito Crushers. *Id.* at 8:15-12:13. Plaintiff testified during his deposition that Mosquito Crushers is owned by Defendant's principal, operates from the same location as Defendant, and "sells the trucks after [he] built them." *Id.* Plaintiff also testified that he signed an employment agreement with Defendant. *Id.* at 51:20-54:10; *see also* ECF No. [38-2] at 83-86 ("Contractor Agreement"). However, Plaintiff denies that he executed the Contractor Agreement presented to him during his deposition, maintaining that some of the signatures were not his own and that its contents were changed. *Id.* at 51:20-54:10.

Defendant now moves for summary judgment, arguing that it is entitled to judgment as a matter of law because: (1) Plaintiff does not qualify for FLSA coverage under either the enterprise

3

or individual theory of coverage, and (2) Plaintiff was not a covered "employee" within the meaning of the FLSA, but rather an exempted independent contractor.

### III. LEGAL STANDARD

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citations to materials in the record, including, among other things, depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48).

A court views the facts in the light most favorable to the non-moving party, draws "all reasonable inferences in favor of the nonmovant and may not weigh evidence or make credibility determinations, which 'are jury functions, not those of a judge.'" *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1179 (11th Cir. 2019) (quoting *Feliciano v. City of Mia. Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013)); *see also Crocker v. Beatty*, 886 F.3d 1132, 1134 (11th Cir. 2018) ("[W]e accept [the non-movant's] version of the facts as true and draw all reasonable inferences in the light most favorable to him as the non-movant."). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

Initially, the moving party bears the "responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If a movant satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 322). The non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Yet, even where a non-movant neglects to submit any alleged material facts in dispute, a court must still be satisfied that the evidence in the record supports the uncontroverted material facts proposed by the movant before granting summary judgment. *See Reese v. Herbert*, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Mia., Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004) ("*One Piece of Real Prop.*"). Indeed, even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

In resolving the issues presented under Rule 56, "the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied." *Carlin Commc'n, Inc.*, 802 F.2d at 1356. Moreover, summary judgment is inappropriate where the Court would be required to weigh conflicting renditions of material fact or determine witness credibility. *See Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993); *see also Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment."); *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he [or she] is ruling on a motion for summary judgment or for a directed verdict." (quoting *Anderson*, 477 U.S. at 255)); *see also Ramirez v. Nicholas*, No. 13-60820-CIV, 2013 WL 5596114, at *4 (S.D. Fla. Oct. 11, 2013) ("The Court may not make the credibility determinations needed to resolve this conflict; only the jury may do so.").

## IV. DISCUSSION

The Fair Labor Standards Act requires that an employee who falls within its scope must be paid overtime for all time worked in excess of forty hours per week. 29 U.S.C. § 207(a). "If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).

To invoke the FLSA's protections, "an employee must first demonstrate that he is 'covered' by the FLSA." *Id.* The FLSA provides for two avenues of coverage—enterprise coverage and individual coverage. *See Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006) ("Under FLSA, an employer is required to pay overtime compensation if the

employee can establish enterprise coverage or individual coverage."). Under "enterprise coverage," an employee is protected by virtue of working for an enterprise that is engaged in "commerce" within the meaning of the statute, and that has at least $500,000.00 in gross annual sales. *See Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (citing 29 U.S.C. § 203(s)(1)(A)). Additionally, under "individual coverage" an employee may be covered under the FLSA if he "(1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne*, 448 F.3d at 1266 (citing 29 U.S.C. § 207(a)(1)).

In the Motion, Defendant argues that Plaintiff has not demonstrated that either enterprise or individual coverage applies to the facts of this case. Defendant also argues that Plaintiff's FLSA claim fails regardless of coverage because Plaintiff has not carried his burden of proving that he was an "employee" as defined by the FLSA. *See generally* ECF No. [38].

### A. Enterprise Coverage

Enterprise coverage under the FLSA applies if the defendant employer: "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000[.]" 29 U.S.C. § 203(s)(1)(A)(i)-(ii). Defendant contends that Plaintiff is not entitled to enterprise coverage because Defendant generated less than $500,000.00 in annual gross revenues in 2019 and 2020.

Upon review of the record, the Court agrees that the statute's $500,000.00 gross sales requirement is determinative of Defendant's enterprise coverage and finds that it has not been met. Indeed, Defendant's 2019 and 2020 tax returns reported $204,904.00 and $424,551.00 in gross receipts, respectively. ECF Nos. [38-3] at 3-12 and [46-1] at 2-21. In his Response, Plaintiff seemingly concedes that Defendant's annual gross volume of sales is less than $500,000.00. ECF

No. [44] at 4. Nonetheless, Plaintiff alleges, for the very first time, that he can demonstrate enterprise coverage under a joint enterprise theory.[3] *Id.*

Specifically, Plaintiff avers that Defendant, along with non-parties Devolro LLC and Mosquito Crusher, are joint employers and their annual gross volume of sales in 2020 exceed $500,000.00. ECF No. [44] at 4; *see also* ECF No. [38-2] at 8:15-9:6. However, even if Plaintiff could rely on this newly asserted theory of enterprise coverage, Plaintiff has failed to introduce any evidence showing that Defendant and the purportedly related entities earned a combined gross revenue to satisfy the $500,000.00 threshold. *See Mendoza v. Disc. C.V. Joint Rack & Pinion Rebuilding, Inc.*, 101 F. Supp. 3d 1282, 1289 (S.D. Fla. 2015) ("Plaintiff's mental calculations of the value of certain cash sales is *not* enough to rebut the contents of those tax returns.") (emphasis in original) (citation omitted). Absent supporting evidence, the Court cannot speculate that the statute's gross sales requirement has been met. *See Scott v. K.W. Max Invs., Inc.*, 256 F. App'x 244, 250 (11th Cir. 2007) (affirming summary judgment where plaintiff failed to demonstrate that defendant, whether individually or under a joint enterprise theory, satisfied the $500,000.00 threshold); *Mederos v. Garcia*, No. 09-22842-CIV, 2011 WL 13172947, at *9 (S.D. Fla. Mar. 18, 2011) ("Ultimately, the FLSA applies where an employee satisfies this second prong and, in the absence of supporting evidence, we cannot speculate as to its satisfaction."). Accordingly, Defendant is not subject to FLSA enterprise coverage as a matter of law.

---

[3] To proceed under a joint enterprise theory, "a plaintiff must at least allege facts which demonstrate the [three] businesses: (1) performed related activities, (2) through a unified operation or common control, and (3) for a common business purpose." *See Gonzalez v. Old Lisbon Rest. & Bar L.L.C.*, 820 F. Supp. 2d 1365, 1368 (S.D. Fla. 2011) (citing 29 C.F.R § 779.202; *Donovan v. Easton Land & Dev., Inc.*, 723 F.2d 1549, 1551 (11th Cir. 1984))). However, Plaintiff failed to allege any facts in support of his position that Defendant, along with Devolro LLC and Mosquito Crushers, are joint employers. *See* ECF No. [1].

### B. Individual Coverage

Defendant next challenges Plaintiff's entitlement to individual coverage under the FLSA. Specifically, Defendant maintains that Plaintiff has failed to present any evidence showing that he regularly used the instrumentalities of interstate commerce for his work, or that his work is closely related to the production of goods for commerce. Upon review of the record evidence, the Court agrees.

As noted above, individual coverage requires an employee to demonstrate that he was either "(1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne*, 448 F.3d at 1266 (citing 29 U.S.C. § 207(a)(1)). The "engaged in commerce" requirement is satisfied where the employee "directly participat[es] in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, . . . or (ii) by regularly using the instrumentalities of interstate commerce in his work." *Scott v. K.W. Max Investments, Inc.*, 256 F. App'x 244, 248 (11th Cir. 2007) (quoting *Thorne*, 448 F.3d at 1266).[4] Additionally, an employee may be individually covered for being "engaged in the production of goods for commerce," if his "work is closely related and directly essential to the production of goods for commerce." *Thorne*, 448 F.3d at 1268.

Plaintiff first argues that he was individually engaged in interstate commerce because he "was frequently online or using the telephone to locate and obtain product, in and out-of-state product, based on the purchase order delegated to [him] by Defendant." ECF No. [44] at 6. However, Plaintiff has failed to introduce any evidence demonstrating that his use of the internet or telephone qualifies as recurring interstate activity. *See Thorne*, 448 F.3d at 1266. Specifically,

---

[4] While Plaintiff alleges in the Complaint that Defendant, at all material times "was, and continues to be, an 'enterprise engaged in commerce' or in the production of goods for commerce as defined by the FLSA" ECF No. 1 ¶ 9, Plaintiff has neither argued nor presented any evidence that Defendant is an instrumentality of interstate commerce. Thus, it appears that Plaintiff has abandoned his claim.

there is no evidence in the record that Plaintiff corresponded with merchants outside the state of Florida using the internet or telephone, nor did he produce evidence that he purchased goods from out-of-state vendors. Rather, the only evidence that could remotely support Plaintiff's position is that "he [sat] behind a computer and [ordered] things or . . . call[ed] people that [he] know[s]" to pick up parts. ECF No. [38-2] at 49:9-20. However, without evidentiary support, Plaintiff's conclusory allegations are simply insufficient to demonstrate a genuine issue of material fact that he *regularly* used the instrumentalities of interstate commerce in his employment. *See Attai v. Delivery Dudes, LLC*, No. 15-cv-62522, 2016 WL 828816, at *3 (S.D. Fla. Mar. 3, 2016) ("Merely because an instrumentality *may* be used in interstate commerce, does not mean the instrumentality *is* used in interstate commerce (for instance, a telephone may be used to call locally, or to call across state lines.")) (emphasis in original).

Plaintiff next argues that he is entitled to individual coverage under the FLSA because his customization work was directly essential to the production of goods for commerce. Specifically, Plaintiff maintains that he serviced "vehicles to customers located in Florida and out-of-state—most of whom resided in New York" and worked "directly with a female customer from another country." ECF No. [44] at 6-7 (citing ECF Nos. [38-1] at 27 and [38-2] at 7-9, 11, 21-22, 24, 26-27, 28-31, 34-36, 59, 62-64, 66, 70-71). However, Plaintiff's proffered facts are not supported by the cited testimony or any evidence in the record. As Defendant correctly highlights, "at no place in DE 38-1 or Plaintiff's deposition located at DE 38-2, did Plaintiff testify that he conversed with a woman from a foreign country or that [Defendant's] customers were located outside Florida." ECF No. [46] at 8.[5] Plaintiff's attempt to create an issue of fact by misstating the factual record is insufficient to defeat summary judgment.

---

[5] During his deposition, Plaintiff testified that Defendant instructed a "woman that works for him[,]" of either Siberian or Syrian descent, to report to Defendant's shop and watch Plaintiff as he worked on a

By his own admissions, the record demonstrates that Plaintiff provided services to customers primarily in Miami-Dade County, Florida, and were therefore purely local in nature. *See* ECF No. [1] ¶ 10 ("Defendant was *primarily* engaged in providing motor vehicle customization, upholstery, fabrication, and similar services to customers *in and around Miami-Dade County, Florida*.") (emphasis added); *see also* ECF No. [38-4] ("Plaintiff's job duties included, but not limited to electrical, custom fabrication, welding, grinding, fiberglass and mechanic work needed *for customers in Miami Dade County, Florida*.") (emphasis added). In the absence of supporting evidence, Plaintiff's conclusory assertions to the contrary do not raise a genuine issue of material fact. Accordingly, as a matter of law, individual coverage does not apply in the instant case.

Based on the undisputed factual record, there is no genuine issue of material fact that Plaintiff did not work for a covered enterprise, nor that he is entitled to individual coverage under the FLSA. Therefore, Defendant is entitled to summary judgment.[6]

## V.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [38]**, is **GRANTED**.

2. Pursuant to Federal Rule of Civil Procedure 58, Final Judgment will be entered by separate order.

---

vehicle. ECF No. [38-2] at 71:1-72:3. To the extent Plaintiff claims that working with a foreign national qualifies as engaging in interstate commerce, the Court is unaware of any authority that would support that position. Frankly, the Court would be surprised if Plaintiff could locate such a case.

[6] Because the Court finds that the FLSA is inapplicable to this matter, the Court does not address whether Plaintiff has demonstrated a genuine issue of material fact as to whether he was an "employee" as defined under the FLSA.

3. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT**, any scheduled hearings are **CANCELED**, and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 30, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record